IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST COLONY CHURCH OF CHRIST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-532 |
| | § | |
| FRETZ CONSTRUCTION COMPANY, | § | |
| ILLINOIS NATIONAL INSURANCE, | § | |
| COMPANY, and EMPLOYERS MUTUAL | § | |
| CASUALTY COMPANY | § | |
| | § | |
| Defendants. | § | |

**ORDER**

First Colony Church of Christ moves to abate the deadline for it to respond to the defendants' motions to dismiss until the initial conference set for May 2, 2019. (Docket Entry No. 10). Illinois National Insurance Company opposed the motion. (Docket Entry No. 15).

In 2007, First Colony contracted with Fretz Construction Company to build a bell tower and other improvements for a church in Sugarland, Texas. (Docket Entry No. at 4). The contract required Fretz to purchase insurance to protect First Colony's interest in the work performed. (*Id*.).

First Colony alleged that it discovered water intrusion and damage in the bell tower and other part of the building that Fretz had constructed. (*Id*.). First Colony demanded relief under the warranties Fretz contracted. (*Id*.). Fretz responded that it lacked assets to address the construction defects and asked First Colony to submit its claims directly to the insurance carriers, Employers Mutual Casualty and Illinois National Insurance Company, based on the insurance certificate Fretz gave First Colony. (*Id*. at 5). According to First Colony, Employers Mutual and Illinois National refused to adjust or pay the claims. (*Id*. at 5–6).

In July 2017, Fretz filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. The bankruptcy court entered an order permitting First Colony to proceed to pursue its claims against Fretz. (Docket Entry No. 1-5 at 6).

In January 2019, First Colony sued Fretz, Illinois National, and Employers Mutual in state court, asserting claims for breach of contract, negligence, and unfair and deceptive insurance practices. (Docket Entry No. 1-5 at 7–12). The defendants removed under 28 U.S.C. §§ 1441(a), 1446(b), and Employers Mutual and Illinois National moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry Nos. 8, 13). Employers Mutual and Illinois National argue that First Colony was not "an insured" under the policies, and that as a third-party tort claimant, First Colony lacks standing under Texas law to bring direct claims against the insurers. (Docket Entry No. 8 at 5–6; Docket Entry No. 13 at 4).

First Colony moved to abate the deadline for it to respond to the motions to dismiss until the initial pretrial conference set for May 2, 2019. (Docket Entry No. 10). First Colony argues that it submitted its claims against Illinois National and Employers Mutual "in its capacity as an insured under the [insurance] policies." (*Id*. at 1–2). First Colony argues that because it could not obtain copies of the insurance policies that Fretz purchased for its benefits, it requested copies from Fretz and its bankruptcy trustee in February 2019. (*Id*. at 2). In March 2019, the bankruptcy trustee responded that because it did not have the documents, it had asked Illinois National and Employers Mutual to provide them. (Docket Entry No. 10 at 11). First Colony argues that abatement is necessary to allow it to obtain copies of the insurance policies and to respond to the defendants' motions to dismiss. (*Id*. at 3).

Illinois National argues that it gave a copy of the requested insurance policy documents to First Colony under the court's mandatory initial disclosure order. (Docket Entry No. 19 at 5). First Colony contends that it did not receive the policy documents before the defendants filed the motions to dismiss, but it did not dispute that it currently has these documents. (Docket Entry No. 20). The record is unclear whether or when Employers Mutual had produced its policy documents to First Colony.

If they have not done so, Illinois National and Employers Mutual must produce the insurance policies at issue by **April 18, 2019.** First Colony must respond to the motions to dismiss by **April 26, 2019.** The motion to abate, (Docket Entry No. 10), is moot.

SIGNED on April 10, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge